IxAMY, Judge,
concurring.
I concur in the majority’s opinion. I agree that the City Court Clerk is absolutely immune from monetary damages beyond the amount she was required to post for her performance bond pursuant to LSA-R.S. 13:1886 and that defendant may institute an in rem proceeding against the Clerk’s bond. Nevertheless, I write separately because I respectfully disagree with the majority’s suggestion that LSA-R.S. 13:1886 has abrogated the City Court Clerk’s immunity to the extent of her performance bond and that she may be liable up to the amount at which her bond was set. Rather, I consider LSA-R.S. 13:1886 to provide an in rem remedy to persons who are damaged by the fault of the Clerk because the Clerk cannot be held personally liable. In this sense, LSA-R.S. 13:1886 provides an alternative remedy to personal liability, which does not curtail or abrogate judicial immunity. Therefore, it is my opinion that, notwithstanding LSA-R.S. 13:1886, the doctrine of judicial immunity shields the City Court Clerk from personal liability for damages in any amount.